UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DONNELLE PETTIGREW,

           Plaintiff(s),

vs.

TOM WILSON, et al.,

           Defendant(s).

Case No. 2:16-cv-03012-APG-NJK

**O R D E R**

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. On January 9, 2017, the Court denied Plaintiff's application without prejudice. Docket No. 3. On January 11, 2017, Plaintiff submitted a renewed application, which the Court granted on January 17, 2017. Docket Nos. 4, 5. Also on January 17, 2017, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and dismissed the complaint with leave to amend. Docket No. 5. The Court found that the complaint attempted to state a claim under 42 U.S.C. § 1983, but failed to allege that Defendants were state actors or acted under color of law. *Id.* at 3. The Court provided Plaintiff an opportunity to cure that defect. *Id.* at 3-4.

**I.    DISCUSSION**

Plaintiff has now filed an amended complaint. Docket No. 7. Plaintiff appears to allege claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and violations of Nevada Revised Statute ("NRS") 686A.310. *See id.* at 3-8. For the purposes of the discussion below, the Court finds that Nevada law likely applies to these state law claims. *See, e.g.*, *Contreras v. Am. Family Mut. Ins. Co.*, 135 F. Supp. 3d 1208, 1218-19 (D. Nev. 2015).

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The Court also has jurisdiction over civil cases in which there is diversity among the parties. "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceeds $75,000." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003). To establish diversity, the plaintiff must be a citizen of a different state than each defendant. *See Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1095 (9th Cir. 2004).

In this case, Plaintiff alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331. Docket No. 7 at 3. Plaintiff is incorrect, however, as she asserts only state law claims. The Court does not have federal question jurisdiction over the instant case.

Plaintiff fails to demonstrate that the Court has diversity jurisdiction. Plaintiff alleges that she resides in Clark County, Nevada, where she has obtained multiple Allstate policies. *Id.* at 2.

Plaintiff further alleges that Defendant Baumann lives and works in Las Vegas, Nevada. *Id.* Plaintiff and Defendant Baumann are therefore both citizens of Nevada for diversity jurisdiction purposes. *See, e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citizenship is determined by domicile, which is "[a] person's . . . permanent home, where she resides with the intention to remain or to which she intends to return"). As a result, the Court finds that diversity of citizenship is not present.[1]

Plaintiff also fails to satisfy the amount in controversy requirement. In her prayer for relief, Plaintiff submits that she has sustained only approximately $20,000 in damages, an amount well below the statutory minimum, and for other damages "in a sum in excess of $10,000." Docket No. 7 at 5, 8. Plaintiff never alleges that she has sustained anywhere near $75,000 in damages. Therefore Plaintiff has also failed to meet the amount in controversy requirement for diversity jurisdiction.

As Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction, this Court need not screen her claims.

## II. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court shall file the complaint. The Complaint is **DISMISSED**, with leave to amend.

2. Plaintiff is granted leave to file a second amended complaint, if she believes she can cure the deficiencies noted above. If Plaintiff chooses to file a second amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original

---

[1] Plaintiff also does not provide sufficient information for the Court to determine Defendant Allstate's domicile, as she does not allege its place of incorporation. *See* Docket No. 7 at 2. *See also Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

3. If Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the second amended complaint no later than **March 20, 2017**.

4. If Plaintiff chooses not to file a second amended complaint by the deadline, the undersigned will recommend dismissal of this case without prejudice. If Plaintiff timely files a second amended complaint, but the Court determines that it does not state any claims upon which relief may be granted, the undersigned will recommend dismissal of this case without prejudice.

IT IS SO ORDERED.

DATED: February 17, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

4