# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DONNELLE PETTIGREW,

          Plaintiff(s),

vs.

TOM WILSON, et al.,

          Defendant(s).

Case No. 2:16-cv-03012-APG-NJK

ORDER

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. On January 9, 2017, the Court denied Plaintiff's application without prejudice. Docket No. 3. On January 11, 2017, Plaintiff submitted a renewed application, which the Court granted on January 17, 2017. Docket Nos. 4, 5. On January 17, 2017, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and dismissed the complaint with leave to amend. Docket No. 5. The Court found that the complaint attempted to state a claim under 42 U.S.C. § 1983, but failed to allege that Defendants were state actors or acted under color of law. *Id.* at 3. The Court provided Plaintiff an opportunity to cure that defect. *Id.* at 3-4. On February 13, 2017, Plaintiff filed an amended complaint that alleged various state law claims. Docket No. 7. On February 17, 2017, the Court dismissed Plaintiff's amended complaint with leave to amend for failure to sufficiently allege subject matter jurisdiction. Docket No. 10. Plaintiff has now filed a second amended complaint. Docket No. 12.

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, federal subject matter jurisdiction must exist at the time the action is commenced. *Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir.2013). Further, as Plaintiff is the party who invokes the Court's jurisdiction, Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (internal citation omitted).

While Plaintiff's second amended complaint does not explicitly address subject matter jurisdiction, she appears to allege claims under a federal criminal statute, 18 U.S.C. § 1033, and under state law. Docket No. 12 at 3-4. Plaintiff also appears to request approximately $300,000 in damages. *Id.* at 5.

Plaintiff's second amended complaint again fails to sufficiently allege subject matter jurisdiction. The Court does not have federal question jurisdiction over this action because 18 U.S.C. § 1033 is a criminal statute that does not provide a private right of action. *See, e.g.*, *Savini Constr. Co. v. Crooks Bros. Constr.* Co., 540 F.2d 1355, 1358 (9th Cir. 1974) (courts may only infer

2

private causes of action for damages from federal criminal statutes when "such inference is consistent with the evident legislative intent and . . . with the effectuation of the purposes intended to be served [by] the Act") (internal citation omitted); *Byrd v. Sand Canyon Corp.*, 2010 WL 3942830, at *2 (E.D. Cal. Oct. 7, 2010) (rejecting claim under 18 U.S.C. § 1033 and noting that "private actions are maintainable under federal criminal statutes in only very limited circumstances") (collecting cases)). Further, Plaintiff fails to allege the citizenship of any of the parties. *See* Docket No. 12. Thus, Plaintiff has failed to establish diversity of citizenship, which means she has failed to establish diversity jurisdiction. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The Court allows plaintiff one final opportunity to demonstrate that this Court has subject matter jurisdiction over her case.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court shall file the second amended complaint. The second amended complaint is **DISMISSED**, with leave to amend.

2. Plaintiff is granted leave to file a third amended complaint, if she believes she can cure the deficiencies noted above. If Plaintiff chooses to file a third amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the third amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's third amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

3. If Plaintiff chooses to file a third amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the third amended complaint no later than **March 27, 2017**.

4. If Plaintiff chooses not to file a third amended complaint by the deadline, the undersigned will recommend dismissal of this case without prejudice. If Plaintiff timely files a third amended complaint, but the Court determines that it does not state any claims upon which relief may be granted and/or does not establish federal subject matter jurisdiction, the undersigned will recommend dismissal of this case without prejudice.

IT IS SO ORDERED.

DATED: February 23, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge