# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DONNELLE PETTIGREW, | Case No. 2:16-cv-03012-APG-NJK |
| Plaintiff(s), | |
| vs. | |
| TOM WILSON, et al., | REPORT AND RECOMMENDATION |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. On January 9, 2017, the Court denied Plaintiff's application without prejudice. Docket No. 3. On January 11, 2017, Plaintiff submitted a renewed application, which the Court granted on January 17, 2017. Docket Nos. 4, 5. On January 17, 2017, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and dismissed the complaint with leave to amend. Docket No. 5. The Court found that the complaint attempted to state a claim under 42 U.S.C. § 1983, but failed to allege that Defendants were state actors or acted under color of law. *Id.* at 3. The Court provided Plaintiff an opportunity to cure that defect. *Id.* at 3-4. On February 13, 2017, Plaintiff filed an amended complaint that alleged various state law claims. Docket No. 7. On February 17, 2017, the Court dismissed Plaintiff's amended complaint with leave to amend for failure to sufficiently allege subject matter jurisdiction. Docket No. 10.

On February 21, 2017, Plaintiff filed a second amended complaint. Docket No. 12. On February 23, 2017, the Court denied Plaintiff's second amended complaint without prejudice, again for failure to sufficiently allege subject matter jurisdiction. Docket No. 13. The Court gave Plaintiff one final opportunity to demonstrate that this Court has subject matter jurisdiction over her case.

*Id.* at 3. The Court expressly warned that if Plaintiff failed to state a claim upon which relief may be granted and/or failed to establish federal subject matter jurisdiction, the undersigned would recommend dismissal of this action without prejudice. *Id.* at 4. Plaintiff has now filed a third amended complaint. Docket No. 15.

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, federal subject matter jurisdiction must exist at the time the action is commenced. *Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir.2013). Further, as Plaintiff is the party who invokes the Court's jurisdiction, Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (internal citation omitted).

Plaintiff submits that the Court has federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), otherwise known as diversity jurisdiction. Docket No. 15 at 3. "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceeds $75,000." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

To establish diversity, the plaintiff must be a citizen of a different state than each defendant. *See Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1095 (9th Cir. 2004).

Plaintiff's third amended complaint again fails to establish that this Court has federal subject matter jurisdiction over this case. For purposes of diversity jurisdiction, a corporation is a domiciliary of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Plaintiff, however, only alleges Defendant Allstate's principal place of business. Docket No. 15 at 2. Thus, Plaintiff has again failed to establish diversity of citizenship, which means she has again failed to sufficiently allege federal subject matter jurisdiction.

Accordingly, the undersigned hereby **RECOMMENDS** that the Court dismiss this action without prejudice.

IT IS SO ORDERED.

DATED: March 2, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).